UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADAEZE NWOSU,

                Plaintiff,

-against-

BROOKFIELD CORPORATION, et al.,

                Defendants.

1:24-CV-7650 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Adaeze Nwosu, of Washington, D.C., brings this *pro se* action asserting claims under 42 U.S.C. § 1983 and under state law. She seeks damages and injunctive relief. Plaintiff sues: (1) Brookfield Corporation ("Brookfield Corp."), of New York, New York; (2) Brookfield Property REIT Inc., doing business as Brookfield Properties ("Brookfield Properties"), of New York, New York; (3) "John Doe/LLC/Inc. etc."; (4) the Honorable Christina A. Bryan, a Magistrate Judge of the United States District Court for the Southern District of Texas; (5) the Honorable Simeon Timothy Lake III, a District Judge of the United States District Court for the Southern District of Texas; (6) the Honorable James Chiun-Ye Ho, a Circuit Judge of the United States Court of Appeals for the Fifth Circuit; (7) the Honorable Cory Todd Wilson, a Circuit Judge of the United States Court of Appeals for the Fifth Circuit; and (8) the Honorable Irma Camillo Ramirez, a Circuit Judge of the United States Court of Appeals for the Fifth Circuit. For the following reasons, the Court transfers this action to the United States District Court for the Southern District of Texas.

## DISCUSSION

The applicable venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(b), which provides that, except as otherwise provided by law, a federal civil action must be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.[1] § 1391(c)(1), (2).

Plaintiff alleges that Brookfield Corp.'s and Brookfield Properties's offices are located in New York, New York (ECF 1, at 1), which lies within this judicial district.[2] Thus, it would

---

[1] With respect to a defendant that is a corporation, for venue purposes:

> in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

§ 1391(d).

[2] The judicial district for this court, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan);(2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

2

appear that, for venue purposes, those defendants reside within this judicial district. Plaintiff does not, however, allege any facts upon which the Court can deduce, for venue purposes, the residency of "John Doe/LLC/Inc. etc." In addition, Plaintiff alleges facts showing that District Judge Lake and Magistrate Judge Bryan, both of the United States District Court for the Southern District of Texas, preside over cases at the Bob Casey United States Courthouse, located in Houston, Texas.[3] (*See id.*) She does not allege, however, where either of those defendants reside for venue purpose. Moreover, Plaintiff alleges facts showing that Circuit Judges Ho, Wilson, and Ramirez, all of the United States Court of Appeals for the Fifth Circuit, preside over cases at the John Minor Wisdom United States Court of Appeals Building, located in New Orleans, Louisiana.[4] (*See id.*) Again, however, she does not allege where Circuit Judges Ho, Wilson, and Ramirez reside. Thus, it is unclear whether, under Section 1391(b)(1), this court is a proper venue for this action.

Plaintiff does allege, however, that a substantial portion of the alleged events giving rise to her claims occurred, and the real property at issue is located, in Houston, Texas. (*Id.* at 3, 7-13.) Houston, Texas, lies within the Southern District of Texas. 28 U.S.C. § 124(b)(2). Accordingly, even if this court is a proper venue for this action under Section 1391(b)(1), the

---

[3] This Court notes that Plaintiff has a *pro se* civil action that is pending before District Judge Lake, and that has been referred to Magistrate Judge Bryan, in the United States District Court for the Southern District of Texas. *Nwosu v. Jolink Wallace Interests LLC*, 4:24-CV-1293 (S.D. Tex.).

[4] In an unpublished *per curiam* order of the United States Court of Appeals for the Fifth Circuit dated September 6, 2024, and issued as a mandate on September 30, 2024, in a matter before Circuit Judges Ho, Wilson, and Ramirez, that court dismissed Plaintiff's appeal of Magistrate Bryan's participation, and her July 24 2024 ruling, in *Nwosu*, 4:24-CV-1293 (S.D. Tex.). *Nwosu v. Jolink Wallace Interests, L.L.C.*, No. 24-20301 (5th Cir. Sept. 6, 2024).

3

United States District Court for the Southern District of Texas is also a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a case is filed in a federal district court where venue is proper, a court may transfer that case to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer of this action appears to be appropriate. A substantial portion of the alleged events occurred, and the real property at issue is located, in Houston, Texas, within the Southern District of Texas. It is also reasonable to expect that relevant documents and witnesses would be located within that judicial district. Thus, the United States District Court for the Southern District of Texas appears to be a more convenient forum for this action. Accordingly, this Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Southern District of Texas. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees (ECF 3), and whether she should be granted CM/ECF filing privileges for this action (ECF 6), are determinations to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court and terminates all pending motions in this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 15, 2024
       New York, New York

    /s/ Laura Taylor Swain
    LAURA TAYLOR SWAIN
    Chief United States District Judge